UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 10-10367 |
| ) | |
| v. ) | VIOLATIONS: |
| ) | 21 U.S.C. § 841(a)(1) -- |
| FRANK SANCHEZ, ) | Possession with Intent to |
| A/K/A "SCARFACE" ) | Distribute and Distribution of |
| ) | Marijuana |
| ) | |
| ) | 18 U.S.C. § 922(a)(1)(A) -- |
| ) | Engaging in the Business |
| ) | of Dealing in Firearms |
| ) | |
| ) | 18 U.S.C. § 2 -- |
| ) | Aiding and Abetting |
| ) | |
| ) | Criminal Forfeiture |
| ) | Allegations |

## INDICTMENT

COUNT ONE:     (21 U.S.C. § 841(a)(1) -- Distribution of
               Marijuana; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury charges that:

On or about April 1, 2010, at Lynn, in the District of Massachusetts,

**FRANK SANCHEZ, A/K/A "SCARFACE"**,

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT TWO:      (21 U.S.C. § 841(a)(1) -- Distribution of Marijuana; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about April 12, 2010, at Lynn, in the District of Massachusetts,

**FRANK SANCHEZ, A/K/A "SCARFACE",**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

<u>COUNT THREE</u>:     (21 U.S.C. § 841(a)(1) -- Distribution of
                    Marijuana; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

    On or about June 7, 2010, at Lynn, in the District of Massachusetts,

**FRANK SANCHEZ, A/K/A "SCARFACE",**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute marijuana, a Schedule I controlled substance.

    All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT FOUR:   (21 U.S.C. § 841(a)(1) -- Possession with Intent
              to Distribute Marijuana;
              18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about September 9, 2010, at Lynn, in the District of Massachusetts,

**FRANK SANCHEZ, A/K/A "SCARFACE",**

the defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT FIVE:     (18 U.S.C. § 922(a)(1)(A)--Engaging in the
                Business of Dealing in Firearms Without a License;
                18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

From a time unknown to the Grand Jury, but at least by in or about August 2010 and continuing thereafter until in or about September 2010, at Lynn, and elsewhere in the District of Massachusetts,

**FRANK SANCHEZ, A/K/A "SCARFACE",**

defendant herein, not being a licensed importer, manufacturer or dealer under the provisions of Title 18, United States Code, did willfully engage in the business of dealing in firearms, including the following:

- a High Point JHP, .45 caliber, semi-automatic handgun, bearing serial number 466406;

- a Davis, .38 caliber, two shot Derringer style handgun, bearing serial number D045417;

- a Taurus, Model 92AFS, 9 millimeter, semi-automatic handgun, bearing serial number TQD75150;

- a British Bulldog, .45 caliber revolver;

- a .45 caliber semiautomatic firearm.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

## FORFEITURE ALLEGATION
## (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts 1 and 3 of this Indictment,

**FRANK SANCHEZ, A/K/A "SCARFACE",**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

## SECOND FORFEITURE ALLEGATION
### (18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count 5 of this Indictment,

**FRANK SANCHEZ, A/K/A "SCARFACE",**

defendant herein, shall forfeit to the United States all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

    (a) a High Point JHP, .45 caliber, semi-automatic handgun, bearing serial number 466406;

    (b) a Davis, .38 caliber, two shot Derringer style handgun, bearing serial number D045417;

    (c) a Taurus, Model 92AFS, 9 millimeter caliber, semi-automatic handgun, bearing serial number TQD75150;

    (d) a British Bulldog, .45 caliber revolver;

    (e) a .45 caliber semiautomatic firearm;

    (f) 1 round of .38 caliber ammunition;

    (g) 1 ammunition magazine clip;

    (h) 4 bags of ammunition.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant –

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

      (d)   has been substantially diminished in value; or

      (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated in Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
PETER K. LEVITT
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS                November 4, 2010

    Returned into the District Court by the Grand Jurors and filed.

_____  1:40 pm
Deputy Clerk

-10-